David R. Paoli,
**PAOLI KUTZMAN, P.C.**
P.O. Box 8131
Missoula MT 59807-8131
(406) 542-3330 (Phone)
(406) 542-3332 (Fax)
davidrp@aol.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| CELAL DEDE, individually and as Personal Representative of the Estate of Diren Dede, Deceased, and on behalf of GULCIN DEDE, BASAK DEDE, and ESRA DEDE,<br><br>Plaintiff,<br><br>vs<br><br>MARKUS KAARMA and JANELLE PFLAGER,<br><br>Defendants. | No. _____<br><br>Hon. _____<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, CELAL DEDE, individually and as Personal Representative of the ESTATE OF DIREN DEDE, deceased, and on behalf of Diren Dede's mother GULCIN DEDE and Diren Dede's sisters BASAK DEDE and ESRA DEDE, for his Complaint against the Defendants, MARKUS KAARMA and JANELLE PFLAGER alleges as follows:

## <u>GENERAL ALLEGATIONS COMMON TO ALL CLAIMS</u>

1.      Diren Dede was at all times relevant a citizen of Hamburg, Germany who, before his death on April 27, 2014, was attending high school in Missoula, Montana as a foreign exchange student.

2.      Diren Dede ("Diren") died in the manner alleged below on or about April 27, 2014.

3.      Plaintiff Celal Dede is Diren Dede's father.

4.      At all times relevant herein Celal Dede is and has been a citizen of Hamburg, Germany.

5.      Plaintiff Celal Dede is the duly appointed, qualified, and acting Personal Representative of the Estate of Diren Dede. Celal Dede is acting on behalf of the Estate of Diren Dede and on behalf of Diren Dede's heirs.

6.      The Estate of Diren Dede is filed in Missoula County, Montana.

7.      Defendants Markus Kaarma ("Kaarma") and Janelle Pflager ("Pflager") are citizens of Missoula County, Montana. Based on information and belief, Kaarma and Pflager are common-law husband and wife.

8.      The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and is between a citizen or subject of a foreign state and citizens of the state of Montana. Accordingly, Plaintiff invokes the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332.

9.      Pursuant to 28 U.S.C. § 1391(a)(2), venue is proper in the Missoula Division of the District of Montana because the events giving rise to these claims occurred within this Division. Further, all filings regarding the Estate of Diren Dede are filed in this division.

10.     On or about April 27, 2014, shortly after midnight, Kaarma shot and killed Diren Dede at 2607 Deer Canyon Court, Missoula, Montana.

11.     Diren Dede was unarmed and standing in Kaarma's garage when Kaarma shot at or near Diren four times with his shotgun.

12.     Diren Dede attempted to speak to or warn Kaarma of his presence. Despite this, Kaarma negligently shot into the darkened garage.

13.     Shotgun pellets from the shots fired by Kaarma struck Diren Dede first struck in the left arm and then subsequently in the head.

14.     As a result of being shot multiple times, Diren suffered severe injuries which eventually resulted in his death.

## COUNT I – NEGLIGENCE
## (ALL DEFENDANTS)

15.    The foregoing allegations are incorporated by reference in this Count as though fully set forth herein.

16.    Kaarma had a duty to properly and carefully handle all guns. Kaarma breached this duty by negligently shooting Diren Dede and negligently disregarding Diren Dede's health and safety.

17.    Pflager had a duty to intervene and stop Kaarma from first trapping Diren Dede in the garage and then shooting the shotgun into the garage. Pflager negligently failed to intervene and stop the acts by Kaarma that led to Diren Dede's death.

18.    Kaarma's and Pflager's negligent breaches of duty alleged in the foregoing paragraphs resulted in Diren Dede's injuries and death and, therefore, damage to Plaintiffs.

## COUNT II - WRONGFUL DEATH ACTION
## (ALL DEFENDANTS)

19.    The foregoing allegations are incorporated by reference in this Count as though fully set forth herein.

20.    At the time of Diren Dede's death, he was in good health and was a successful student.

21.     Defendants' negligence inflicted grave injuries on Diren Dede that subsequently led to his death.

22.     Diren Dede's death has deprived his family of his care, comfort, love, society, companionship.

## COUNT III – SURVIVAL ACTION
## (ALL DEFENDANTS)

23.     The foregoing allegations are incorporated by reference in this Count as though fully set forth herein.

24.     Plaintiff Celal Dede brings this action for the benefit of Diren Dede's estate pursuant to Mont. Code Ann. § 27-1-501.

25.     From the time Kaarma approached the garage door, Diren Dede suffered terror of imminent serious injury or death; knowledge and contemplation of impending death; fright; shock; mental anguish; emotional distress; physical pain; and other damages.

26.     Under Montana law Diren Dede's estate is entitled to recover from Defendants money damages as compensation for the loss of his life; for Diren Dede's pre-death injuries and pre-death fright, shock, mental anguish, emotional distress, and pain and suffering; and for the present value of the compensation and benefits of employment Diren Dede would have earned during his lifetime.

**WHEREFORE**, Plaintiffs pray for judgment against Defendants for the following damages:

1.     Compensatory damages for Diren Dede's medical and funeral costs;

2.     Compensatory damages for Diren Dede's future wage loss;

3.     Damages for Diren Dede's wrongful death;

4.     Survival damages including, but not limited to, his pre-death physical and emotional pain and suffering;

5.     All damages and such further relief as the Court deems just and proper.

**PLAINTIFFS DEMAND A TRIAL BY JURY.**

DATED this 11TH day of February, 2015.

Paoli Kutzman, P.C.
Attorneys for Plaintiffs

By /s/ David R. Paoli
257 W. Front St., Suite A
P.O. Box 8131
Missoula, MT 59802